IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS SARLO, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| **CHARLES F. WEBSTER, et al.** | : | **NO. 02-6708** |

## CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendants and defendants filed a counterclaim against plaintiff. Summary judgment was entered in favor of defendants on plaintiff's claims; defendants voluntarily withdrew their counterclaim. Defendants filed a bill of costs against plaintiff on August 6, 2003; plaintiff responded to this bill of costs with a filing on August 19, 2003. A telephone conference on the taxing of costs was coordinated by the Clerk of Court on January 13, 2004; participating were Gregory S. Capps, Esquire, representing plaintiff, and Holly C. Fusco, Esquire, representing defendants.

The relevant rule of court, Federal Rule of Civil Procedure 54(d)(1), directs the taxing of costs in favor of "the prevailing party." The issue of which party prevailed is determined by reading the text of the final entry of judgment. Greene v. Fraternal Order of Police, 445 (ED Pa. 1998); Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, 102 F.R.D. 959 (E.D. Pa. 1984). See, also, Hines v. Perez, 242 F.2d 459 (9th Cir. 1957); Sperry Rand Corp. v. A-T-O, Inc., 58 F.R.D. 132 (E.D.Va. 1973). The test of whether a plaintiff is "the prevailing party" is whether that plaintiff obtained any relief on his claims; it is not necessary to receive all of the relief sought in the complaint. Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3rd Cir. 1985); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). See, also, Green Construction Co. v. Kansas Power and Light Co., 153 F.R.D. 670 (D. Kansas 1994); Weseloh-Hurtig v. Hepker, 152 FRD 198 (D. Kansas 1993). The law is clear that where a plaintiff does not prevail on any of his claims, defendants are considered the prevailing parties. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Lacovara v. Merrill Lynch, 102 F.R.D. 959 (E.D. Pa. 1984). See, also, Scientific Holding Co. v. Plessey, 510 F.2d 15 (2nd Cir. 1974). This rule applies as long as a plaintiff does not prevail on any of his claims, and defendants are considered the prevailing parties even where defendants do not prevail on any of their counterclaims. Lacovara v. Merrill Lynch, 102 F.R.D. 959 (E.D. Pa. 1984). See, also, Scientific

Holding Co. v. Plessey, 510 F.2d 15 (2nd Cir. 1974). It is irrelevant that the judgment was one of summary judgment and no trial took place. Johnson v. Henderson, 67 F.3d 299 (6th Cir. 1995); Woolfson v. Doyle, 180 F.Supp. 86 (S.D.N.Y. 1960). Given the relevant caselaw, we are of the view that all defendants alone have prevailed for the purposes of F.R.C.P. 54(d)(1); it is irrelevant that the court itself has not addressed the issue of costs.

Turning now to the substance of defendants' bill of costs, we note that the federal taxation statute, 28 U.S.C. §1920, lists those items taxable by the Clerk; these items are: "(l) Fees of the clerk or marshal; (2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under (28 U.S.C. §1923); (and) (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)"

Federal Rule of Civil Procedure 54(d)(1) is impliedly incorporated by reference into the law of taxation of costs established by 28 U.S.C. §1920. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Federal Rule of Civil Procedure 54(d)(1) directs that costs other than attorney fees (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added). This language creates a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are, at least on their face, arguably of those types of costs listed in the taxation statute, 28 U.S.C. §1920. Delta Air Lines v. August, 450 U.S. 346, 352 (1981); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977). Therefore, the general rule is that 28 U.S.C. §1920 costs are "automatically" taxed pursuant to Federal Rule of Civil Procedure 54(d)(1). Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988). This presumption and this general rule are based on the federal policy that taxation of costs is seen as a ministerial act in civil cases,

and is not seen as a penalty against the losing party or parties. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). See, also, Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kansas 1993). A consequence of this heavy presumption is that the losing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that losing party. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975). As a result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D. Ill. 1985). Since the costs sought by defendants are all, at least on their face, arguably of those types of costs listed in the taxation statute, we are of the view that plaintiff bears the burden of proof in this matter.

With regard to the request for costs of deposition transcripts, we note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts "necessarily obtained for use in the case." A review of caselaw in taxation of costs cases shows that there is a recurring theme that the prevailing party may recover costs that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Charter Medical Corp.

v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  This general standard applies to the specific situation of a request for depositions transcript costs; a deposition transcript is seen as "necessarily obtained" when it was necessary to counsel's effective preparation, judged in light of the situation existing when the cost was incurred, regardless of whether it was actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  We are satisfied that the statutory standard of necessity has been met.  As stated previously, there is a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are, at least on their face, arguably of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  Delta Air Lines v. August, 450 U.S. 346, 352 (1981); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); City of Rome, Italy v. Glanton, 184 FRD 547 (ED Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (ED Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977).  We are of the view that the plaintiff has not rebutted this heavy presumption.  Costs are accordingly taxed in the full requested amount of $1,132.60.

|  |  |
|---|---|
| **Date** | **MICHAEL E. KUNZ**<br>**CLERK OF COURT** |